UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

JEROME WOODS,

      Petitioner,

V.

BUREAU OF PRISONS,

      Respondent.

Civil Action No. 0: 20-115-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner Jerome Woods is a federal inmate currently confined at the at the Federal Correctional Institution-Ashland ("FCI-Ashland") located in Ashland, Kentucky.  Proceeding without counsel, Woods has filed a pleading styled as an "Emergency Motion for Home Confinement pursuant to the CARES Act."  [R. 1]  Woods' pleading was not filed on a form approved for use by this Court as required by Local Rule 5.3.  For administrative purposes, Woods' pleading has been docketed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  [R. 1]  Woods has neither paid the $5.00 filing fee, nor has he filed a motion for leave to proceed *in forma pauperis*.

Shortly after filing his initial pleading, Woods filed a document styled as a "Pro Se Supplemental Motion Civil Rights Action Under 42 U.S.C. § 1983 *Bivens* Action" [R. 4], in which he states that "the previous motion I sent to the courts had the wrong statute.  I believe it is now corrected under a *Bivens* civil rights action under 42 U.S.C. § 1983.  I also sent the courts $350.00 from my account on September 15, 2020 to pay the court fees."  [R. 4]  However, to properly initiate a civil action, a plaintiff must pay the $350.00 filing fee *and* the $50.00 administrative fee,

or file a motion to proceed *in forma pauperis*.  The Court has not yet received payment from Woods.

Even so, whether construed as a habeas petition filed pursuant to 28 U.S.C. § 2241 or a civil complaint alleging constitutional violations filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), Woods' pleading is subject to initial screening by the Court.  *See* 28 U.S.C. § 2243 (habeas petition); 28 U.S.C. §§ 1915(e)(2), 1915A (civil complaint).  A habeas petition will be denied on initial review "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  Similarly, a district court must dismiss any claim asserted in a civil complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

## I.

In February 2019, in the United States District Court for the Eastern District of Pennsylvania, Woods was sentenced to a term of imprisonment of 228 months.   *United States v. Woods*, No. 2:16-CR-218-RBS-1 (E.D. Pa. 2016).  Woods is currently projected to be released from the custody of the federal Bureau of Prisons ("BOP") on August 22, 2032.   *See* https://www.bop.gov/inmateloc/ (last visited on September 28, 2020).  On September 2, 2020, Woods filed a *pro se* motion for compassionate release/reduction in sentence in the court that sentenced him.  The Government has filed a response objecting to Woods' motion and counsel has entered an appearance to represent Woods in the matter.  It appears that the motion remains

pending, although a sealed order was entered by the Court on September 22, 2020.  *United States v. Woods*, No. 2:16-CR-218-RBS-1 (E.D. Pa. 2016).

In his initial pleading filed in this Court, Woods requests that the Court order the Bureau of Prisons ("BOP") to immediately release him to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").[1]  [R. 1]  Woods states that he is 43 years old, suffers from asthma, has a Body Mass Index ("BMI") of 30, and, accordingly, is at risk for potentially severe complications should he contract COVID-19.  He also states that it is impossible to comply with the Center for Disease Control's ("CDC") guidelines to protect oneself at FCI-Ashland.

Woods also claims that the BOP has improperly calculated his security classification and requests that the BOP be ordered to "re-assess my pattern score to a minimum pursuant to the First Step Act."  [*Id*.]  While the exact nature of his claim is unclear, he states that he was denied "equal protection" because, while "over 7,000 inmates [were] released under [the CARES Act]," he was "erroneously" not transferred to home confinement because he was given 5 points on his pattern score by the BOP for a violent offense.  He claims that the BOP is "misinterpreting" the First Step Act and that he otherwise meets the criteria for compassionate release.  [*Id*. at p. 3-4]  He also disputes whether he should have been assessed points for "drug program status," because he claims that he does not need drug treatment.  He states that, while he has admitted to recreational use of drugs in his Pre-Sentence Report ("PSR"), he denied having a drug addiction.  [*Id*. at p. 4-5]  He claims that he is not eligible for a Residential Drug Abuse Program ("RDAP"), so he is unable to deduct 6 points by completing an RDAP, unlike other inmates that receive points for "drug

---

[1]The CARES Act was enacted on March 27, 2020, and includes a provision that temporarily expands the length of the maximum amount of time for which the Attorney General is authorized to place a prisoner in home confinement under 18 U.S.C. § 3624(c)(2). *See* CARES Act, § 12003(b)(2) (enacted Mar. 27, 2020).

program status" that are "similarly situated" to him.  [*Id.* at p. 6]  Based on all of these allegations, he requests that the BOP be ordered to re-assess his pattern score correctly and transfer him to home confinement.  [*Id.* at p. 6]

However, whether Woods' motion for home confinement is analyzed as a habeas petition filed pursuant to 28 U.S.C. § 2241, or as a civil complaint alleging constitutional violations filed pursuant to *Bivens*, his request for relief must be denied.

## II.

Analyzing Woods' pleading as a § 2241 petition, he may not pursue his claim for release to home confinement in a habeas petition filed in this Court.  It is true that the United States Court of Appeals for the Sixth Circuit has recently stated that "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement," and, thus, may be pursued in a § 2241 petition.  *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020).   However, the Sixth Circuit further explained that "the decision to bring a habeas claim, rather than one challenging the conditions of confinement, limits the type of relief available to petitioners.  A district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress."  *Wilson*, 961 F.3d at 838.

Here, Woods requests that this Court order the BOP to release him to home confinement pursuant to the CARES Act.  However,  while 18 U.S.C. § 3624(c) authorizes that BOP to *consider* placing an inmate in home confinement, a prisoner is not automatically entitled, or guaranteed, such placement for any amount of time.  18 U.S.C. § 3624(c).  *See also Heard v. Quintana*, 184 F.Supp. 3d 515, 520 (E.D. Ky. 2016).  *See also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11,

4

2015).  Rather, "the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)."  *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)).  Likewise, while the CARES Act allows the Bureau of Prisons to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement," it does not give courts the authority to grant home confinement requests.  Pub. L. 116, 134 Stat. 281, 516, § 12003(b)(2).  And the BOP's placement decisions, including determinations regarding home confinement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions.  28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter.").  Cf. *Woodard v. Quintana*, No. 5:15-cv-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

To the extent that Woods' seeks compassionate release in light of his alleged medical conditions, a motion for compassionate release, even if styled as a § 2241 petition, is actually a motion for modification of a sentence made pursuant to 18 U.S.C. § 3582.  However, a § 3582(c) motion for modification of an imposed term of imprisonment must be made to the Court that sentenced Woods, and may not be filed in this Court.  *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence).  Indeed, "although the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment."  *See Wilson*, 961 F.3d at 844.  The fact that Woods is currently seeking, but has not been granted, compassionate

release in the Court that sentenced him does not authorize him to by-pass the appropriate procedures and request that this Court order his release.

### III.

Woods' claims fare no better if his motion is construed as a civil complaint filed pursuant to *Bivens*. A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill*, 630 F. 3d at 470. *See also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Woods seeks to pursue his claims pursuant to *Bivens*, which held that an individual may "recover money damages for any injuries...suffered as a result of [federal] agents' violation of" his constitutional rights. *Bivens* 403 U.S. at 397. However, Woods does not clearly allege any violation of his constitutional rights. Although Woods makes vague references to "equal protection" and "similarly situated" prisoners, he fails to allege any substantive, non-conclusory facts supporting claims for relief under the Constitution, nor does he otherwise provide any explanation of how his constitutional rights have been violated. While *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), the Court cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Nali*

*v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("when a *pro se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system.").   Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient.  *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).  Thus, Woods' vague references to various constitutional principles are insufficient to allege the violation of a constitutional right.

In addition, although it is not entirely clear based upon Woods' vague allegations, Woods' claims appear to be based solely upon his disagreement with his security classification and prison designation.  However, "[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' and the treatment programs (if any) in which he may participate." *Tapia v. United States*, 564 U.S. 319, 331 (2011)(citing 18 U.S.C. §§ 3621(b), (e), (f); 3624(f); 28 C.F.R. pt. 544 (2010)).   An inmate has no liberty interest in being placed in any particular penal institution, *Olim v. Wakinekona*, 461 U.S. 238, 247 (1983), or classified at any particular security level, *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995), and hence no rights protected by the Due Process Clause in that regard.  *Sandin*, 515 U.S. at 484-86.  *See also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("...the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.") (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) ("Congress has given federal prison officials full discretion to control [prisoner classification and eligibility for rehabilitative programs in the federal system], 18 U.S.C. § 4081, and petitioner has no legitimate

statutory or constitutional entitlement sufficient to invoke due process."); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003).

Finally, Woods admits that, whatever constitutional claims he may have, he has not exhausted his administrative remedies with respect to those claims.[2]  Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004).  The "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust."  *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016).  If the failure to exhaust administrative remedies is apparent from the face of the complaint, it is subject to dismissal upon initial screening.  *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017).  *See also Jones*, 549 U.S. at 214-15 (district court may dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense).

Woods states that he submitted his initial compassionate release request to his case manager in March 2020 and it was denied by the Warden on May 17, 2020.  [R. 1 at p. 2][3]  He states that he appealed the denial to the Regional Director and, although the Regional Director extended the date to Answer until August 25, 2020, as of September 8, 2020, he had not yet

---

[2] The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff, and then to institute a formal grievance with the warden within twenty days. 28 C.F.R. § 542.13, 542.14(a).  If the prisoner is not satisfied with the warden's response, he or she must appeal to the appropriate regional office within twenty days, and if unsatisfied with that response, to the General Counsel within thirty days thereafter. 28 C.F.R. § 542.15(a).  *See* BOP Program Statement 1300.16.

[3] Woods does not indicate whether this "compassionate release request" also raised claims that his constitutional rights had been violated.  However, for purposes of this analysis, the Court will give Woods the benefit of the doubt and assume that it did.

received a response, thus he is unable to appeal at higher levels within the BOP's administrative grievance system. However, 28 C.F.R. § 542.18 provides that "[i]f the inmate does not receive a response within the time allotted for reply,…the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Thus, if the Regional Director did not respond to Woods' appeal, that failure to respond is a constructive denial of his appeal and Woods may then appeal to the Office of the General Counsel. He did not do so.

If a plaintiff files a complaint prior to fully exhausting his available administrative remedies, a district court may properly dismiss the complaint without prejudice to afford the plaintiff the opportunity to properly invoke and follow the jail's grievance procedures with respect to his concerns. *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011). Thus, even if the Court construed Woods' motion as a civil complaint, because he admits that he has not fully exhausted his administrative remedies with respect to his claims, his claims are premature and his "complaint" would be dismissed without prejudice.

For all of these reasons, the Court finds that Woods' "Emergency Motion for Home Confinement pursuant to the CARES Act" fails to state a valid claim for relief, whether construed as a § 2241 petition or as a civil complaint, and will therefore be denied without prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1.  Woods' "Emergency Motion for Home Confinement pursuant to the CARES Act" [R. 1], docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for administrative purposes, is **DENIED WITHOUT PREJUDICE**.

2.  Any pending requests for relief, including Woods' "Pro Se Supplemental Motion Civil Rights Action Under 42 U.S.C. § 1983 *Bivens* Action" [R. 4], are **DENIED AS MOOT**.

3.      The Court will enter a judgment contemporaneously with this order.

4.      This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated October 06, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY